[PRACTICE.]

## BARNES and Others *against* WILLIAMS.

Where, in a special verdict, the essential facts are not distinctly found by the jury, although there is sufficient evidence to establish them, this Court will not render a judgment upon such an imperfect special verdict, but will remand the cause to the Court below, with directions to award a *venire facias de novo.*

THIS case was argued by Mr. *Wickliffe* and

1826.

Barnes
v.
Williams.

Feb. 7th.

Mr. *Talbot,* for the plaintiffs, and by Mr. *White* and Mr. *Isaacks,* for the defendant.

Mr. Chief Justice MARSHALL stated, that, upon inspecting the record, it had been discovered, that the special verdict found in the case was too imperfect to enable the Court to render a judgment upon it. The claim of the plaintiffs being founded upon a bequest of certain slaves, it was essential to a recovery at law, that the assent of the executor to the legacy should be proved. Although, in the opinion of the Court, there was sufficient evidence in the special verdict from which the jury might have found the fact, yet they have not found it, and the Court could not, upon a special verdict, intend it. The special verdict was defective in stating the evidence of the fact, instead of the fact itself. It was impossible, therefore, that a judgment could be pronounced for the plaintiff. So, as to the defendant's defence under the statute of limitations, the special verdict did not find any facts by which the Court could ascertain at what time the right of action accrued. It was not stated that the plaintiff and defendant were ever resident in the same State at the same time. Although it was found, that E. D. Barnes, one of the plaintiffs, came into the State of Tennessee after he arrived at the age of twenty-one years, and more than three years before the suit was brought, yet it was not found, that during any part of that time, the defendant, Williams, was resident in that State. The case was, therefore, too imper-

fectly stated to enable the Court to decide the questions upon which the opinions of the Judges of the Circuit Court were opposed, and the cause was remanded to that Court, with directions to award a *venire facias de novo.*