49 U.S. 470 (1850)
8 How. 470
GEORGE D. PRENTICE AND GEORGE W. WEISSINGER, COPARTNERS DOING BUSINESS UNDER THE STYLE AND FIRM OF PRENTICE & WEISSINGER, PLAINTIFFS IN ERROR,
v.
PLATOFF ZANE'S ADMINISTRATOR.
Supreme Court of United States.

*474 It was argued by Mr. Badger and Mr. Bibb, for the plaintiffs, and Mr. Ewing, for the defendant.
*483 Mr. Justice GRIER delivered the opinion of the court.
The plaintiffs in error were plaintiffs below. They declared *484 on a promissory note given by defendant to James H. Johnson, or order, for the sum of $5,437.59, payable five years after date. The note was indorsed by the payee and delivered to John Stivers, who delivered it to the plaintiffs. The defendant pleaded non assumpsit, and a jury being called, found a special verdict, setting forth the note, and finding that it was made by the defendant and delivered by him to the payee, but that "the consideration was fraudulent on the part of the payee"; that the note was indorsed by the payee to John Stivers before its maturity, "and that there has not been any evidence submitted to the jury that said Stivers paid value therefor, or that there was any consideration for such indorsement, unless the same ought to be inferred from the matters herein stated," &c. They also find that Stivers delivered the note to plaintiffs, but without saying whether for a valuable consideration or not; and they refer the court to the deposition of a witness and the record of a chancery suit appended to the verdict for the evidence on that point.
This special verdict is manifestly imperfect and uncertain, as it finds the evidence of facts, and not the facts themselves.
A verdict, says Coke (Co. Litt. 227, a), finding matter uncertainly and ambiguously, is insufficient, and no judgment will be given thereon.
A verdict which finds but part of the issue and says nothing as to the rest is insufficient, because the jury have not tried the whole issue. So, if several pleas are joined, and the jury find some of them well, and as to others find a special verdict which is imperfect, a venire facias de novo will be granted for the whole. 2 Roll. Abr. 722, Pl. 19; Auncelme v. Auncelme, Cro. Jac. 31; Woolmer v. Caston, Cro. Jac. 113; Treswell v. Middleton, Cro. Jac. 653; Rex v. Hayes, 2 Ld. Raym. 1518.
In all special verdicts, the judges will not adjudge upon any matter of fact, but that which the jury declare to be true by their own finding; and therefore the judges will not adjudge upon an inquisition or aliquid tale found at large in a special verdict, for their finding the inquisition does not affirm that all in it is true. Street v. Roberts, 2 Sid. 86.
In the Chesapeake Ins. Co. v. Stark, (6 Cranch, 268,) and Barnes v. Williams, (11 Wheaton, 415,) this court have decided that, where in a special verdict the essential facts are not distinctly found by the jury, although there is sufficient evidence to establish them, the court will not render a judgment upon such an imperfect special verdict, but will remand the cause to the court below, with directions to award a venire de novo. The court in this case would have been bound to pursue the same *485 course, if the judgment of the court below had been rendered on the imperfect special verdict which the record exhibits. But it appears that the court and counsel were aware of this imperfection in the verdict, and that it was not such as would warrant any judgment thereon by the court. Nevertheless, the parties, instead of asking for a venire de novo, or amending the verdict, agree to waive the error, and to submit the cause to the court, both on the facts and the law. Their agreement is as follows: 
"Memorandum. Upon the trial of this cause the parties, by their attorneys, filed a written agreement in the words following, to wit:  `And the parties agree that the court, in deciding upon the foregoing verdict, shall look to and regard the decisions of the courts of the State of Pennsylvania, as found in the several printed volumes of the reports thereof, to avail as much as if the same were found by said verdict, and to have such weight as in the judgment of the court they ought to have; and the parties further agree to waive all objections to said verdict on account of its finding in part evidence, and not fact. And that the court, in deciding thereupon, may make all just inferences and conclusions of fact and law from the evidence and facts therein stated, and the decisions aforesaid, which, in the opinion of the court, a jury ought to draw therefrom if the same were submitted to them upon the trial of this cause; and that this agreement is to be made part of the record in this suit.'"
The judgment of the court below was rendered upon this submission, and not on the special verdict alone.
In cases at law, this court can only review the errors of the court below in matters of law appearing on the record. If the facts upon which that court pronounced their judgment do not appear on the record, it is impossible for this court to say that their judgment is erroneous in law. What "inferences or conclusions of fact" the court may have drawn from the evidence submitted to them, we are not informed by the record. The fact submitted to the judge formed the turning-point of the case. So far as the record exhibits the facts, no error appears. The note being found to have been obtained from the defendant by fraud, the plaintiff's right to recover on it necessarily depended on the fact that he gave some consideration for it, or received it in the usual course of trade. We must presume that the court found this fact against the plaintiff; and if so, their judgment was undoubtedly correct. Whether their "inferences or conclusions of fact" were correctly drawn from the evidence, is not for this court to decide.
*486 That such has been the uniform course of decision in this court, may be seen by reference to a few of the many cases in which the same difficulty has occurred. In Hyde v. Booraem, (16 Pet. 169,) this court say,  "We cannot upon a writ of error revise the evidence in the court below, in order to ascertain whether the judge rightly interpreted the evidence, or drew right conclusions from it. That is the proper province of the jury, or of the judge himself, if the trial by jury is waived. The court can only reëxamine the law so far as he has pronounced it on a state of facts, and not merely on the evidence of facts found in the record in the making of a special verdict or an agreed case. If either party in the court below is dissatisfied with the ruling of the judge in a matter of law, that ruling should be brought before the Supreme Court, by an appropriate exception, in the nature of a bill of exceptions, and should not be mixed up with supposed conclusions in matters of fact." See, also, Minor v. Tillotson, 2 How. 394, and United States v. King, 7 How. 833.
The judgment of the court below is therefore affirmed.
Mr. Justice McLEAN, Mr. Justice WAYNE, and Mr. Justice WOODBURY dissented.
Mr. Justice WAYNE.
I do not concur with the court in the course which it has taken in this case, or in affirming the judgment. The record in my view is irregular. It is difficult to say whether it has been brought to this court upon a special verdict, or a case stated by agreement of the parties; and I think it difficult to determine whether the court below acted upon either. It may have given its judgment pro forma to get the case to this court. I think a different direction ought to have been given to it, by returning the case to the District Court for amendment, so that the case might have been decided substantially upon its merits. This would have been according to what has been done by this court in other cases similarly circumstanced as this case is.
Mr. Justice WOODBURY.
I feel obliged to dissent from the judgment in this case. It is conceded that the special verdict is defective in form. Instead of stating some of the matter as a fact,  only the evidence of it is given. The most obvious and proper course under such circumstances would seem to be to send the case back, and give an opportunity to the plaintiff to have that defect corrected, and afterwards, if the case comes up again, *487 to render judgment on the merits upon all the facts, when thus formally set out. This could regularly be done by reversing the judgment below, instead of affirming it, as here. That judgment was rendered erroneously on this same defective verdict, instead of putting it first in proper shape, and then deciding on it as corrected.
After the reversal here, we should, in my opinion, remand the case to the Circuit Court, not to have judgment entered there either way on this imperfect verdict, but to have a venire de novo ordered so as to correct it. Such I understand to be the well-settled practice of this court. As decisive proof, that the course now pursued, of refusing to send the case back for correction before final judgment, is not in accordance with what has been done by this court in like cases, Chief Justice Marshall, in Chesapeake Ins. Co. v. Stark, 6 Cranch, 268, observed,  "In this case the jury have found an abandonment, but have not found whether it was made in due time or otherwise. The fact is therefore found defectively, and for that reason a venire facias de novo must be awarded." "Judgment reversed, and the cause remanded, with directions to award a venire facias de novo." Such was deemed the proper course there, rather than at once to give absolute and final judgment, as here, against the plaintiff, because the special verdict was defective. Another objection there was precisely as here, "because the jury have found the evidences of the authority and time, but not the fact of authority nor the reasonableness of the time." (p. 271.)
So again, in Livingston v. Mar. Ins. Co., 6 Cranch, 280, the court made a like order. And another of similar character in Barnes v. Williams, 11 Wheaton, 415. We should thus obtain a verdict in due form, with all the facts found positively, and not the mere evidence of some of them submitted. And the judgment below could then be rendered understandingly, as it could also here, if the case was again brought here by either party.
It does not seem promotive of justice to affirm a judgment below, on the ground that the imperfect verdict must at all events stand, and to decide technically on the hypothesis that a certain transaction is not in the case as a fact, and is not to be considered, nor allowed to be corrected and restated, though full evidence of it is submitted. And the more especially does it look wrong, where, if it was corrected in conformity with what the evidence proves, the judgment ought, in my view, to be for the plaintiffs.
But it is objected, that the counsel agreed below to waive *488 this exception to the special verdict, and consequently the court there rendered judgment on that agreement and waiver, as well as on the verdict, and that this was a wrong course of proceeding.
Supposing it was wrong, there is no proof that the court acted on the agreement and waiver, but may have deemed it proper to disregard them and decide on the verdict alone. On the contrary, if that court decided on the whole, their decision for the defendant seems to me erroneous, both on the merits and on the course of proceeding, and ought in either court to be reversed instead of affirmed, as it has been on this occasion by the majority of this court. The original plaintiffs should, on the apparent merits, in my apprehension, recover, because no doubt exists, first, that in point of law the note in controversy must be construed by the laws of Pennsylvania, where it was made; and that by those laws it was negotiable. See act of February 27th, 1797, 4 Dallas, Laws of Pennsylvania, 102.
It is as little in doubt, that no pretence exists but that the plaintiffs took this note from the second indorsees before it was due, and without any circumstances to excite suspicion or cast a shade over its goodness, and without any notice or knowledge of the badness of its original consideration.
Under such circumstances it is equally clear, that such a bonâ fide holder of a note is presumed to have given a valid consideration for it, and on producing it is entitled to a recovery of its amount, unless this presumption is repelled by counter evidence. Story on Prom. Notes, p. 220.
Furthermore, in such case it is no obstacle to a recovery, that a consideration is not shown between the first indorsee and his indorser. 1 Adolph. & Ell. 498.
But it is found here that, for some reason not specified in the record, there was fraud in the original consideration. Hence it is contended that the holder must, in such case, prove a consideration given by him; but he is not otherwise affected by the original fraud, when without notice of it. 4 Adolph. & Ell. 470; Chit. on Bills, 69.
Granting this for the argument, it appears that he proceeded to show a consideration, and proved that the second indorsee passed the note to him to secure and pay certain debts and liabilities assumed then in his behalf, as would seem to be inferable from the record. It would in that event be obtained in the course of business for a new and original consideration, and thus the transfer stood unimpeached. But if the debts were preëxisting ones, as is contended, they would still constitute a *489 good consideration. However the decisions in different States on this may differ, and may have changed at different periods, this court seems deliberately to have held this doctrine in Swift v. Tyson, 16 Peters, 15, 22.
It will not answer to overturn all these established principles, because some might fancy the equities of the maker, who was defrauded as to the consideration, greater than those of the present holder, who paid a full and valuable consideration for the note, relying, too, on the good faith of the maker, not to send negotiable paper into the market, and running for five years, so as to mislead innocent purchasers, and, for aught which appears, making no attempt to recall it when discovering he was defrauded, and giving no public and wide caution, as is usual, by advertisement or otherwise, against a purchase of it after such discovery.
Under such circumstances, if equities were to weigh, irrespective of the law, which cannot be correct, they seem rather to preponderate in favor of the holder, who has thus been misled and exposed to be wronged by the conduct of the maker. United States v. Bank of the Metropolis, 15 Peters, 398.
Finally, were we compelled to give a decision as to the merits on the special verdict, as it now stands somewhat defective in form, but with an agreement by counsel virtually to waive the defect of form, it would be most just to regard the jury as intending to find for a fact what they find as given in evidence and uncontradicted. This is clearly the substance of this verdict, and in such a view, as already shown, the same result would follow, that the plaintiffs appear in law entitled to recover.

Order.
This cause came on to be heard on the transcript of the record from the District Court of the United States for the Western District of Virginia, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with costs.