Mr. Justice WOODBURY.
I feel’obliged to dissent from the judgment in this case. It is conceded that the special verdict is defective in form. Instéad of stating some of the matter as a fact,— only the evidence of it is given. The most obvious and proper course under such circumstances would seem to be, to send the case back, ánd give an opportunity to the plaintiff to have that defect corrected, and afterwards, if the case comes up again, *487 to render judgment on the merits upon all the facts, when thus formally set out. This could regularly be done by reversing the judgment below, instead of affirming it, as here. That judgment was rendered erroneously on this same defective verdict, instead of putting it first in proper shape, and then deciding, on it as corrected.
After the reversal here, we should, in my opinion, remand the case to the Circuit Court, not to have judgment entered there either way on this imperfect verdict, but to have a venire de novo ordered so as. to correct it. Such I understand to be the well-settled practice of this court. As decisive proof, that the course now pursued, of refusing to send the case back for correction before final judgment, is not in accordance with what has been done by this court in like cases, Chief Justice Marshall, in Chesapeake Ins. Co. v. Stark, 6 Cranch, 268, observed, — “ In this case the jury have found an abandonment, but have not found whether it was made in due time or otherwise. The fact is therefore found defectively, and for that reason a venire facias de novo must be awarded.” “ Judgment reversed, and the cause remanded,, with directions to award a venire facias de novo.”. Such was deemed the proper course there, rather than at once to give absolute and final judgment, as here, against the plaintiff, because the special verdict was defective. Another objection there was precisely as here, “ because the jury have found the evidences of the authority and time, but not the fact of authority nor the reasonableness of the time.” (p. 271.)
So again, in Livingston v. Mar. Ins. Co., 6 Cranch, 280, the court made a like order. And another of similar character in Barnes v. Williams, 11 Wheaton, 415. We should thus obtain a verdict in due form, with all the facts found positively, and not the mere evidence of some of them submitted. And the judgment below could then be rendered understandingly, as it. could also here, if the case was again brought here by either party.
It does not seem promotive of justice to affirm a judgment below, on the ground that the imperfect verdict must at all events stand, and to decide technically on the hypothesis that a certain transaction is not. in the case as a fact, and is not to be considered, nor allowed to be corrected and restated, though fall evidence of it is submitted. And the more especially does it look , wrong, where, if it was corrected in conformity with what the evidence proves, fhe judgment ought, in my view, to be for the plaintiffs.
But it is objected, that the counsel agreed below to waive *488 this exception to the special verdict, and consequently the court there rendered judgment on that agreement arid waiver,-as well as on the verdict, and that, this was a wrong course of proceeding.
Supposing it was wrong, .there is no proof that the court acted on the agreement and waiver, but may have deemed-; it - proper to disregard them and decide on the verdict alone. On ' the contrary, if that court decided on the whole, their decision for the defendant seems to me erroneous, both on the merits .'and on the.course of pioceeding, and .ought in either court.to .he reversed instead of affirmed, as it has been on this occasion • by the majority of this court. The .original plaintiffs should, on the apparent merits, in my apprehension, recover, -because no doubt exists, first,., that in point of law the note in 'controversy must be construed by the laws of Pennsylvania, where it was made; and that by those laws it was, negotiable. See act of February 27th, 1797, 4 Dallas, Laws of Pennsylvania, 102.
It is as little in doubt, that, no pretence exists hut-that -the plaintiffs took this note from the second indorsees before it-was due, and without any circumstances to excite suspicion or cast a shade over its goodness, and without any notice or knowledge of the badness of its original consideration.
Under such circumstances it is equally-clear, that such a bond fide holder of a note is presumed to- have - given a-valid consideration for it, and on producing it is entitled to-a-recovery of-its amount, unless this presumption is repelled by counter evidence, Story on Prom, Notes, p. 220.
. .Furthermore^ in such.case it is no. obstacle to a recovery, that a consideration is not shown between • the first indorsee and his indorser. 1 Adolph. & Ell. 498.
But it is found here that, for some reason not specified in the record, there was fraud hr the original consideration; . Hence it is contended that the'holder must, in spch case, prove a consideration given by him; but he is not otherwise affected by the original fraud,..when without notice of it. 4 Adolph. & Ell. 470; Chit, on Bills, 69.
Granting this.for the .argument, if .appears that . he proceeded to.,show a consideration, and.'proved that -the second .indorsee .passed the note to.him to. secure .--and pay certain-debts, and liá- . Unitiesi assumed then in;his, behalf .gs.-wopkl seem to. be. inferrable from the . record. It,,would in- that .event ,-be obtained in .. the cqurse of business for. a■ pew .-and -origipal,-consideration,: and thus the transfer stood unimpeached. But":if ;th'e .debts wefe . preexisting .ones, as is contended,ithey:-wouldf still; constitdte a *489 good consideration. However the decisions in different States on this may differ, and may have changed at different periods, this court seems deliberately to have held this doctrine in Swift v. Tyson, 16 Peters, 15, 22.
It will not answer to overturn all these established principles, because some might fancy the equities of the maker, who was defrauded as to the consideration, greater than those of the present holder, who paid a full and valuable consideration for the note, relying, too, on the good faith of'the maker, not to send negotiable paper into the market, ánd running for five years, so as to mislead innocent purchasers, and, for aught which appears, making no attempt to recall it when discovering he was defrauded, and giving no public and wide caution, as is usual, by advertisement or otherwise, against a purchase of it after such discovery.
Under such circumstances, if equities were to weigh, irrespective of 'the law, which cannot be correct, they seem rather to preponderate in favor of the holder, who has -thus been misled and exposed to be wronged by the conduct of the maker. United States v. Bank of the Metropolis, 15 Peters, 398.
. Finally, were we compelled to give a decision as to the merits on the special verdict, as it now. stands somewhat defective in form, but with an agreement by counsel virtually to waive the defect of form, it would be most just to regard the jury as intending to find for a fact what they find as given in evidence and uncontradicted. This is clearly the substance of this verdict, and in such a view, as already shown, the same result would follow, that the plaintiffs appear' in law entitled to recover.

Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Western District of Yirginia, and was argued by counsel. • On consideration whereof,' it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with costs.