### KNIGHT v. CARGO OF THE SALEM.
See Case No. 12,248.

---

## Case No. 7,883.

### KNIGHT v. CHENEY.

[5 N. B. R. 305.] [1]

Circuit Court, D. Rhode Island. June Term, 1871.

BANKRUPTCY — POWER OF COURT TO ORDER SALE OF PROPERTY IN POSSESSION OF THIRD PARTY — TITLE IN DISPUTE—SALE BY BANKRUPT.

The United States district court does not possess the power under the twenty-fifth section of the present bankrupt act [of 1867 (14 Stat. 528)], to order in a summary way the sale of an estate, real or personal, although the same is claimed by the assignee, even though the title to the same is in dispute, if it also appears that the estate in question is in the actual possession of a third person holding the same as owner, and claiming absolute title to and dominion over the same as his own property, whether derived from the debtor before he was adjudged bankrupt or from some former owner.

[Cited in Smith v. Mason, 14 Wall. (81 U. S.) 419, 432; Giveen v. Smith, Case No. 5,467; Barstow v. Peckham, Id. 1,064; Rogers v. Winsor, Id. 12,023; Ferguson v. Peckham, Id. 4,741; Sherman v. Bingham, Id. 12,762; Knickerbocker Ins. Co. v. Comstock, 16 Wall. (83 U. S.) 269; Stickney v. Wilt. 23 Wall. (90 U. S.) 150; Re Marter, Case No. 9,143; Bradley v. Healey, Id. 1,781; Johnson v. Price, Id. 7,407; Glenny v. Langdon, 98 U. S. 27; Gifford v. Helms, Id. 248; Cleveland Ins. Co. v. Globe Ins. Co., Id. 372; Re Litchfield, 13 Fed. 866.]

[Cited in Wisner v. Brown, 50 Mich. 557, 15 N. W. 903.]

[Appeal from the district court of the United States for the district of Rhode Island.]

In bankruptcy.

CLIFFORD, Circuit Justice. District courts are constituted courts of bankruptcy by the act of congress establishing the existing system upon that subject, and the provision is, that those courts shall have original jurisdiction in their respective districts in all such matters and proceedings, and they are authorized to hear and adjudicate upon the same according to the provisions of the bankrupt act. 14 Stat. 517. Such courts are considered as always open for the transaction of business under that act, and the first section also provides that the powers and jurisdiction therein granted and conferred may be exercised as well in vacation as in term time, and that a judge sitting at chambers shall have the same powers and jurisdiction

as when sitting in court. Provision is also made by the same section that the jurisdiction conferred by the act shall extend to all cases and controversies arising between the bankrupt and his creditors; to the collection of all the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; to the adjustment of the various priorities and conflicting interests of all parties, and to the marshaling and disposition of the different funds and assets, so as to secure the rights of all parties and the due distribution of the assets among all the creditors. Superadded to that clause is the further provision that the jurisdiction shall extend to all acts, matters and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt and the close of the proceedings in bankruptcy. On the fifth of October, eighteen hundred and sixty-eight, Josiah D. Hunt, of Providence, in this district, on the petition of his creditors, previously filed in the district court, was adjudged bankrupt, and the record shows that the respondent before the court was, on the twenty-fourth of the same month, duly chosen assignee of the bankrupt's estate. Due assignment of all the bankrupt's estate was also made to the assignee on the day of his appointment. Subsequently the assignee claimed a large stock of merchandise in the possession of a certain firm doing business in the city of Providence, and the parties in the possession of the goods refused to deliver the same, claiming to hold the goods in full property as purchased from the bankrupt, and thereupon the assignee presented a petition to the district court praying that a citation might issue to that firm and to the several persons composing the same to appear and show cause why the pretended sale and transfer of the merchandise should not be adjudged void. His representations were that the sale and transfer were not made by the bankrupt in the usual and ordinary course of business; that the transfer was made by a gross bill of sale, without any enumeration of the articles; that the bill of sale was executed on the second of September next before the grantor was adjudged bankrupt; that the goods were removed from his possession on the following day, and that the purchasers had reasonable cause to believe that the grantor was insolvent, or that he was acting in contemplation of insolvency and in fraud of the provisions of the bankrupt act.

Amendments were subsequently made to the petition by which the present petitioner and one David Millard were made parties respondent to that proceeding. They were severally made parties, for the reasons assigned in the first amendment, which are as follows:

1. That the present petitioner was at that time under large liabilities on account of the bankrupt; that the bankrupt within four

months before the petition in bankruptcy against him was filed, being insolvent or acting in contemplation of insolvency, paid, with the knowledge and acquiescence of the petitioner, the sum of eight thousand dollars in discharge of those liabilities, with a view to give the present petitioner a preference over other creditors of the bankrupt, he, the present petitioner, having reasonable cause to believe that the party making the payment was insolvent, or was acting in contemplation of insolvency, and that the payment was made to prevent the same from being distributed under the bankrupt act.

2. That the purchasers of the goods gave the bankrupt a money check for the sum of twenty thousand dollars as payment for the goods sold, and that the bankrupt put the same into the hands of the other respondent named in the amendment, with directions to apply the proceeds to the payment of the debts of the bankrupt then outstanding, and upon which the present petitioner was liable as surety, and that the payment, transfer and conveyance of the same were made with a view to give a preference to the petitioner in this case, and with the knowledge and under the same circumstances as set forth in the charge against the other respondent. Payment of the proceeds of the check as directed by the bankrupt. is also alleged, and that the other respondent was also a creditor of the bankrupt, and that he applied the proceeds of the check in whole or in part, to the payment of the amount due to himself as such creditor. Based on these representations, the prayer for relief is, that each respondent may account to the petitioner as such assignee, for the stock of goods or for the proceeds of the money check, and that they may deliver and pay over the same to the said assignee. Certain other proceedings took place in the case not material to be noticed, and on the twenty-third of August, in the same year, the present petitioner filed a motion to dismiss the petition of the assignee, upon the ground that the district court, in that form of proceeding, had no jurisdiction to hear and determine the matter in controversy, but the district court being of a different opinion, overruled the motion on the day it was filed and entered a decretal order directing the petitioner for revision to answer the allegations of the assignee's petition. Dissatisfied with that decision and decree, the respondent, in that proceeding, filed the present petition in the circuit court, and prays that that decision and decretal order may be revised and reversed. Examined separately, the language of the first section of the bankrupt act would furnish some support to the theory of the assignee, that all the powers and jurisdiction of the district courts when sitting as courts in bankruptcy may be exercised on petition in a summary way. first giving notice to the party opposed in interest to the prayer of the petition, as in a rule to show cause in a proceeding of common law or in a suit in equity. Support to the same theory in respect to the powers and jurisdiction of the circuit courts in cases and questions arising under the bankrupt act, may also be derived from the first clause of the second section of the same act, if that clause of the section is examined without any reference to the constitution, and the other provisions of the bankrupt act, which show to a demonstration that such a theory is erroneous. Circuit courts, by the very terms of the same section, also have concurrent jurisdiction with the district courts of the same district of all suits at law or in equity, which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, of by such person against such assignee, touching any property or rights of property of said bankrupt, transferable to or vested in such assignee, provided the suit at law or bill in equity shall be brought within two years from the time the cause of action accrued. 14 Stat. 518. Controversies, in order that they may be cognizable under that clause of the section, must have respect to some property or rights of property of the bankrupt, transferable to or vested in such assignee, and the suit, whether it be a suit at law or in equity, must be in the name of one of the two parties described in that clause and against the other as appears by the express words of the provision. All three of the conditions must concur to give the jurisdiction, but where they all concur, the party suing may, at his election, commence his suit either in the district or circuit court, and if in the former, it is clear that the case, when it has proceeded to final judgment or decree, may be removed into the circuit court for re-examination by writ of error if it was an action at law, or by appeal if it was a suit in equity, provided the debt or damages claimed amounts to more than five hundred dollars, and the writ of error is seasonably sued out or the appeal is claimed and the required notices are given within ten days from the rendition of the judgment or decree.

Suits in equity, between such parties in the case therein described, as well as actions at law, may be commenced and maintained in the district courts, and it is clear that final decrees in such suits in equity, as well as final judgments in such civil actions where the debt or damages as claimed amount to more than five hundred dollars, may be re-examined in the circuit courts, and that the final decrees and judgments rendered in the circuit courts in such cases where the sum or value exceeds two thousand dollars, may be re-examined in the supreme court by appeal or writ of error, as provided in the judiciary act and the act allowing appeals in cases of equity and of admiralty, and maritime jurisdiction. 1 Stat. 84; 2 Stat. 244. Where the debt or damages claimed in such a case do not exceed five hundred dollars, and the suit, whether it be a suit at law or in equity, is commenced in the district court.

the better opinion is that the judgment or decree of that court is final and conclusive, as it is clear that no such judgment or decree of the district court is subject to revision by the circuit court under the power conferred by the first clause of the second section of the bankrupt act. Attempt is made to show that the construction here given to the third clause of that section, is inconsistent with the language of the first clause, but the court is of a different opinion, as the power of general superintendence and jurisdiction conferred by the first clause does not extend to cases where special provision is otherwise made, as such cases are in express terms excepted from its operation. Undoubtedly it extends to all cases and questions where special provision is not otherwise made, as the further enactment is that the circuit courts may, in the cases not falling within some special provision, "upon bill, petition or other proper process of any party aggrieved, hear and determine the case as in a court of equity." Such revision is evidently to be of a summary and special character, as sufficiently appears from the words "general superintendence" preceding and qualifying the word "jurisdiction," and more clearly from the fact that the power to revise, as there conferred, extends to mere questions as well as to cases, and to every interlocutory order in the proceeding, except where special provision is otherwise made, and also from the language of the second clause of the section that the powers and jurisdiction therein granted may be exercised, either by said court, or by any justice thereof, in term time or vacation. Appeals in cases under the third clause of the section are too late, unless the appeal is claimed and the required notices are given within ten days from the entry of the decree in the district court, and the act of congress does not give the circuit courts any power to enlarge the time. None of those provisions, however, apply to petitions for revision under the first clause of the section, nor does the bankrupt act fix any precise limitation to the right of an aggrieved party to file such a petition in the circuit court. Power to revise all cases and questions which arise in the district courts in such a proceeding "except when special provision is otherwise made," is conferred upon the circuit courts, but the court here is of the opinion that the power conferred by that clause does not extend to any case where special provision for the revision of the case is otherwise made, as where it is provided that an appeal or writ of error will lie from the circuit court to the district court in manner provided in the laws of congress allowing appeals and writs of error.

Special provision is made for the revision in the circuit court of controversies like the one before the court, and for several other classes of controversies, and the opinion of the court is that such causes of action cannot be determined by the district courts in a summary way without due process of law, subject, perhaps, to one or two exceptions of a special character. Such controversies must be determined by suit in equity or by an action at law, as the case may be, and where an action at law is the proper remedy, the parties are entitled to a trial by jury, if "the value in controversy shall exceed twenty dollars." Cases of the kind before the court, fall directly within the third clause of the section under consideration, and where the property in controversy at the time the debtor was adjudged bankrupt, was in the actual possession of a third person claiming absolute title and dominion of the same, the question of ownership, if the same is claimed by the assignee of the bankrupt, must be determined by a suit in equity or by an action at law, subject to reexamination as provided in the law of the forum where the suit is commenced. Concurrent jurisdiction in such cases is certainly vested in the circuit and district courts, and it is equally clear that either party, in a proper case, may remove the cause into the supreme court for re-examination, as provided in other controversies outside of the bankrupt act. Strong support to that conclusion may also be derived from the several special provisions of the act referred to in the exception contained in the first clause of the second section, as they show that judgments or decrees rendered in such cases cannot be revised by the circuit courts under the summary power conferred by the first clause of that section.

Plain and well supported as these several propositions appear to be, still it is contended that the twenty-fifth section of the act shows that they are all erroneous; that the district court possessed in this case full power to direct the petitioner in revision to appear for the purpose specified in the citation and to order that the goods should be sold, and that the proceeds should be held in place of the goods, as the measure of value in any subsequent controversy between the parties. Perishable estate of the debtor may be sold by order of the district court under the direction of the messenger or assignee, the fund received to be held in place of the estate sold, and the provision is made in case the estate of the debtor is liable to deterioration in value. Corresponding provision is also made in respect to the estate of the debtor which has come into the possession of the assignee, or which is claimed by him, where it appears to the satisfaction of the court that the title to the same is in dispute, and the enactment is that "the court may, upon the petition of the assignee," after reasonable notice to the claimant, his agent or attorney, "order it to be sold under the direction of the assignee," the funds received to be held in place of the estate, as in the case of the sale of perishable property.

Discretionary power, it must be conceded, exists in the district court to order a sale of the estate of the debtor, where it appears that the title is in dispute, if it also appears that the debtor was in possession of the estate at the time that he was adjudged bankrupt, and that the estate was duly transferred to the assignee and that it remained in his possession at the time the sale was ordered. Grant that the power of sale under that section, extends to such a case as that supposed, still the concession does not sustain the decision of the district court under revision, as the estate in this case was never transferred to the assignee, and was not in his possession at the time the order of sale was passed. On the contrary, it was in the actual possession of the respondent firm, claiming absolute title to, and dominion over the same as their own property. Responsive to that suggestion, the proposition of the assignee is, that the estate in question is also claimed by him as such assignee, and that the power of sale under that provision extends to any portion of an estate, the title to which is in dispute, where the same is claimed by the assignee as in this case. Taken literally the phrase, "or which is claimed by him," would perhaps appear to afford some support to the theory of the assignee, but it is impossible to adopt that view, as it would authorize the district judge in the settlement of the estate of a bankrupt, however small, to order the sale of the estate, if claimed by the assignee, of every inhabitant of his judicial district, and to direct the assignee to hold the funds received from the sales in place of the estates sold, and to compel the owners in possession of the same to appear in court and vindicate their titles, and to accept, if successful, the proceeds of the sale as the value of their property. Adopt that theory, and the constitution which was ordained to establish justice, becomes a mockery, as any man may be deprived of his property without due process of law, and no man, where the title to property is concerned, is entitled to a trial by jury, unless he commences his action "before the court orders the sale." Such a theory as applied to the facts of this case is not only repugnant to the constitution, but also to many of the other provisions of the bankrupt act, and especially to the third clause of the second section of the act, which contemplates that such controversies shall be prosecuted by an action at law or a suit in equity, and gives concurrent jurisdiction to the circuit and district courts to hear and determine the same as provided in the judiciary act. Appellate jurisdiction as exercised under the twenty-second section of the judiciary act, is not conferred upon the circuit courts in any case under the bankrupt act, where the ruling, order, decision or decree of the district court is made or rendered by that court in a summary way. All such rulings, orders, decisions or decrees must be revised, if at all, under the first clause of the second section of that act, as before explained; but there are four classes of cases where appellate jurisdiction, as exercised under the judiciary act, may be exercised by virtue of the powers conferred by the bankrupt act. They are as follows: First. By appeal from the final decree of the district court in suits in equity, commenced and prosecuted in the district court by virtue of the jurisdiction created by the third clause of the second section of the act. Second. By writ of error sued out to the district court in civil actions finally decided by that court in the exercise of the jurisdiction conferred by the same clause of that section. Third. By appeal from the decision of the district court rejecting wholly or in part the claim of a creditor as provided in the sixth section of the act. Fourth. By appeal from the decision of the district court allowing such a claim, where the same is opposed by the assignee. In re Alexander [Case No. 160].

Obviously the first two provisions are supererogatory, if the theory of the assignee is correct, as he has nothing to do in any case where he claims the estate but to apply to the district court to order a sale of the same if he can satisfy the district judge that the title to the same is in dispute. For these and many other reasons which might be given, the theory of the assignee must be rejected, but it is equally clear that the phrase "or which is claimed by him" cannot be rejected as surplusage, nor can the language employed be treated as without meaning. Those words are not contained in the fifty-fourth section of the insolvent laws of Massachusetts, from which the provisions in other respects were substantially borrowed. Similar provision is there made where it appears that the title to any portion of an estate which has come into the possession of the assignee, is in dispute, and that the property is of a perishable nature or liable to deteriorate in value, but the words "or which is claimed by him" are not contained in the section. Gen. St. Mass. p. 588. Beyond doubt that phrase was incorporated into the bankrupt act for the purpose of enlarging the power of sale as compared with the corresponding provision in the state law. Although the title to the estate is in dispute, still the case would not fall within the state law unless the estate in question had "come into the possession of the assignee," but the provision of the bankrupt act authorises the sale, though the estate may not have come to the possession of the assignee if it is claimed by him and the title is in dispute, as where personal estate is found in the hands of a mere depositary, carrier or bailee for safe keeping or transportation, without claim of title or interest in the goods, or what more frequently occurs, where personal property is subsequently discovered in the possession

of the bankrupt, which was not transferred to the assignee, and in other cases of like character, other examples might be put, but those mentioned, it is believed, will be sufficient to show that the power of sale even as enlarged by incorporating that phrase into the provision, does not extend to a case where the estate in question is in the actual possession of a third person holding the same as owner, and claiming absolute title to and dominion over the same, whether the title and possession were derived from the debtor or any other former owner. Construed in this way, the phrase in question is perfectly consistent with the other provisions of the bankrupt act, and entirely reconcilable with the provisions of the constitution which ordain that no person shall be deprived of property without due process of law, and that the right of trial by jury, where the amount in controversy shall exceed twenty dollars, shall be preserved in suits at common law; but if the theory of the assignee is adopted, the phrase in question completely supersedes the third clause of the second section of the bankrupt act, and all the provisions of the act to carry that clause into effect, and is in direct conflict with two of the great safeguards of the constitution. In re Kerosene Oil Co. [Case No. 7,726]; In re Bonesteel [Id. 1,627]. Opposed to that conclusion is the suggestion that the eighth section of the former bankrupt law contained a provision precisely similar to the third clause of the second section of the present act; but the decisive answer to that suggestion is, that the sixth section of the prior act provided that the jurisdiction of the district court in all matters and proceedings in bankruptcy arising under the act should "be exercised summarily," and that the district court should be deemed always open for that purpose. 5 Stat. 445. Appeals to the circuit court, except by the bankrupt where he was refused a discharge, were not authorized by that act, but the decision of the district court in all other cases, though made in a summary way, was final and conclusive, unless the district judge, in his discretion, saw fit to adjourn some point or question into the circuit court for the same district. Ex parte Christy, 3 How. [44 U. S.] 317.

Controversies, such as are described in the third clause of the second section of the bankrupt act, if prosecuted in the district court by a suit in equity, and the debt or damages claimed is more than five hundred dollars, may be appealed into the circuit court, or if prosecuted by action at law, may be removed into that court by writ of error, and there are many other differences between the old law and the one now in force, which show that the rules of construction adopted by the courts in cases arising under the prior act, are not applicable to the provisions of the present law. Every point and question arising in the administration of the law might, in the discretion of the dis-

trict judge under the prior act, be adjourned into the circuit court to be determined there in a summary way, but it is clear that cases where special provision is otherwise made, cannot be revised by the circuit court under the first clause of the second section of the law now in force. Objection may be made that if the construction adopted is correct, then no revision can be had in that class of cases where the debt or damages claimed does not exceed five hundred dollars, but the conclusive answer to that objection, if made, is that congress possesses the sole power to determine whether or not an appeal shall be allowed, and in what cases the judgment or decree of the subordinate court shall be final and conclusive. Ex parte Christy, 3 How. [44 U. S.] 317. Unquestionably congress might provide that a decree in equity rendered in the district court should be revised in the circuit court in a summary way; but it is clear to a demonstration that judgments in actions at law rendered in that court, if founded upon the verdict of a jury, can never be revised in that way, as the constitution provides that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rule of the common law." Two modes only were known to the common law to re-examine such facts, to wit, the granting of a new trial by the court where the issue was tried or to which the record was returnable, or, secondly, by the award of a venire facias de novo by an appellate court for some error of law which intervened in the proceedings. 2 Story, Const. (3d Ed.) 584; Parsons v. Bedford, 3 Pet. [28 U. S.] 448.

Congress could not provide that a judgment of the district court, founded upon the verdict of a jury in a civil action, whether for a less or greater sum than five hundred dollars, should be revised in the circuit court in a summary way, and inasmuch as suits in equity, such as are mentioned in the third clause in the second section of the bankrupt act, are placed in the same category as actions at law, the court is of the opinion, as no provision for appeal is made where the debt or damage claimed does not exceed five hundred dollars, that it was the intention of congress that the decrees of the district court in such case should be final and conclusive. Viewed in any light, the court is of the opinion that the district court does not possess the power under that provision to order in a summary way the sale of an estate, real or personal, although the same is claimed by the assignee, even though the title to the same is in dispute, if it also appears that the estate in question is in the actual possession of a third person, holding the same as owner and claiming absolute title to and dominion over the same as his own property, whether derived from the debtor before he was adjudged bankrupt or from some other former owner. The decision and decree of the district court [case unreported] is reversed.