CROSS (POSTMASTER GENERAL v.). See Case No. 11,306.

---

## Case No. 3,434.

### CROSS v. UNITED STATES.

[1 Gall. 26.][1]

Circuit Court, D. Massachusetts. May Term, 1812.

VIOLATION OF EMBARGO—DECLARATION — DOUBLE DAMAGES.

1. In debt for a penalty on a statute, the declaration must conclude against the form of the statute, or it will be bad on error.
[Cited in U. S. v. Babson, Case No. 14,489; Jewett v. Cunard, Id. 7,310; Walsh v. U. S., Id. 17,116; U. S. v. Batchelder, Id. 14,541; Fish v. Manning, 31 Fed. 341.]

2. In debt for the double value under the third section of the embargo act (Jan. 9, 1808, c. 8) it is not necessary to allege the particular articles which composed the cargo; nor that the owner was knowingly concerned in the illegal voyage.

3. In such a case, if the jury find a verdict for a specific sum, it is to be considered as the double value of the vessel and cargo, unless the contrary appears.
[Cited in Sears v. U. S.. Case No. 12,592; Smith v. U. S., Id. 13,122. Applied in U. S. v. Clarke, 20 Wall. (87 U. S.) 107.]

4. Where a statute gives the party double or treble damages, the jury may find the single damages, and the court will double or treble them. And a general verdict will be deemed for single damages, unless the contrary appear. But a verdict for the double or treble damages will be good, if expressly so found.
[Cited in The Idaho, 29 Fed. 187.]

[5. Cited in Cleveland Ins. Co. v. Globe Ins. Co., 98 U. S. 375, to the point that seizures made on waters which are navigable from the sea by vessels of 10 or more tons burthen are exclusively cognizable in the admiralty, subject to appeal to the circuit courts.]

[Error to the district court of the United States for the district of Massachusetts.]

[Action by the United States against Thomas Cross to recover a penalty under the embargo act of 1808.]

C. Jackson, for plaintiff in error.

G. Blake, for the United States.

STORY, Circuit Justice, delivered the opinion of the court.

This action is debt for a recovery of the double value of vessel and cargo, under the third section of the embargo act of Jan. 9, 1808, c. 8 [2 Stat. 454]. The declaration alleges, that on the 9th of October, 1808, sundry goods and merchandize, of domestic growth and manufacture, viz. 300 barrels of flour, 50 barrels of beef, 3 tons of butter, 10

[1] [Reported by John Gallison, Esq.]

hogsheads and 65 boxes of fish, and 2,000 feet of boards, all of the value of $3,000, were laden, shipped, and put on board a certain vessel or schooner, called the Phoenix, of Falmouth, of the burthen, &c. which vessel was of the value of $2,000; and afterwards, on the night of the same day, the said vessel, with her cargo on board, did depart from the port of Portland aforesaid, which is a port of the United States aforesaid, without a clearance or permit; and the declaration avers, that the plaintiff in error was then and there the freighter of said vessel, and the owner of said goods and merchandize; and that said vessel and cargo, although forfeited, hath not been seized, having never been found within the United States aforesaid, whereby and by force of the laws and statutes of the said states, the said plaintiff in error hath forfeited and become liable to pay to the United States, on demand, a sum equal to double the value of the said vessel and her cargo aforesaid, which double value amounts to the sum of $10,000, and an action hath accrued to the United States, &c. To this declaration the general issue was pleaded, and on issue joined, the jury found a verdict that the plaintiff in error was indebted to the United States in the sum of $3,060, in manner and form as alleged in the declaration. Judgment was rendered in the district court for the United States on this verdict, upon which the plaintiff has brought a writ of error.

Upon the argument, sundry errors have been assigned by the counsel for the plaintiff in error, which we shall now consider.

1. That it is not alleged in the declaration, of what articles the cargo consisted at the time of the departure of said vessel from said port. But we are of opinion, that the allegation, that "the vessel with her cargo on board departed," must mean, with the goods and merchandize previously stated to have been shipped on board; for by such shipment they became her cargo; and by such reference, the cargo is accurately specified. But we by no means yield to the argument, that it was necessary to specify the articles which compose the cargo, as this is a proceeding for the double value only, and not for the articles themselves.

2. A second objection is, that the declaration contains no averment, that the plaintiff in error was knowingly concerned in procuring or effecting the departure of the vessel. To this it is a sufficient answer, that the offence is stated in the words of the act; and if want of knowledge were a just excuse against the charge, it should have been shown by the plaintiff in error in his own defence at the trial. It is certain that in many cases, the property of an owner may be forfeited for an offence, without his knowledge or procurement. It was so held in Idle v. Vanbeck, Bunb. 231. Park. 227.

3. A third objection is, that the jury have not found the value of the vessel and cargo; but only that the plaintiff in error owed a certain sum, and the court have given judgment for the same sum, and non constat, that it is the double value; whereas, the judgment should have been for the double value, and should so have been alleged in the record. It has been said in answer, that this objection cannot be assigned for error, because it is for the advantage of the party. But the rule, that a party shall not take advantage of an error for his benefit, does not apply to errors of the court, as where it pronounces a wrong judgment. Bac. Abr. "Error," K 4, pp. 490, 491. It has been laid down as a rule, that where a statute gives double or treble damages to the party injured, by action, the jury in such case should find the single damages, and the court in their judgment should assess the double or treble damages. This is laid down in Brooke, Abr. "Damage," pl. 70, who cites 19 Hen. VI., 6, in support of it. The same doctrine was held in an action on the statute of March 5, 1787, § 7 (1 Mass. Laws, 389), by the supreme court of Massachusetts. Lobdell v. Inhabitants of New Bedford, 1 Mass. 153. In 5 Com. Dig. "Pleading," 2, § 16, it is said that it is sufficient in such case, that the declaration demands the single value. for it shall be trebled by the court or jury; and for this, 2 Rolle, 54, is cited. But upon looking into Rolle, the latter part of the position does not seem supported. In Sayer on Damages (page 244) it is said that the jury, who try the issue joined in an action, wherein treble damages are recoverable, may assess the treble damages; and in Bennet v. Hart, Sayer, 214, the court awarded a writ of inquiry to assess treble damages, where a verdict had passed for the defendant, who, by law in such case, was entitled to treble damages. Were this a case, in which damages were demanded, we think that it would be good, either for the court or jury to assess the double damages, if it appeared upon the record that such assessment was in fact made. See, also, Doug. 730, note 41, under case, Grant v. Astle.

But this is not such a case, but a demand of a penalty, which, though uncertain in amount, is to be reduced to certainty by the verdict of the jury. The mode of estimating the amount, by the statute, is by doubling the value; but the issue puts it expressly to the jury to fix that amount. In looking into precedents in informations for breaches of the revenue laws, we find that in general, the verdict finds the single value, and the court assess the double value. But in such precedents, the issue is not found to be "nil debet," but it is a special issue, and the single value of the property is assessed by the jury, to enable the court to impose the penalty, as well as to decree the forfeiture of the goods. Mod. Prac. Exch. In the case at bar, we must intend, that the sum assessed by the jury, was the double value, and the judgment was therefore rightly given. We give no

opinion how it would be, if the jury had expressly said, that the sum found was the single value only.

4. Another objection, and the last, that has been relied on, is, that the offence is not alleged to be contra formam statuti. This has presented the principal difficulty. The general rule, that all offences against statutes shall conclude against the form of the statute, is not denied; and is indeed too well settled to admit of question. Hawk, bk. 2, c. 25, § 117; Bac. Abr. "Indictments;" 3 Bac. 567; Com. Dig. "Action on Statute," 4, H; 1 Chit. Pl. 357; 1 Vent. 103. But it is said that it is sufficient, if it appear on the whole, that the action is founded on a statute; and the averment "whereby and by force of the laws and statutes of the said United States, an action hath accrued," plainly shows this intent. It is denied, that this averment is sufficient, because, as the counsel contend, the offence is here averred to be against the statutes, whereas it is founded on a single statute; and to conclude against a statute, when the offence is against several statutes, or the contrary, is fatal. The cases, Com. Dig. "Pleader," 2, § 10; Yelv. 116; 1 Vent. 135; Hawk, bk. 2, c. 25, § 117,—certainly contain dicta which countenance the latter part of the position, and of the former part there can be no doubt. But even if this argument be wrong, it remains to inquire, if the exception be not fatal. In Lee v. Clarke, 2 East, 333, this precise objection was taken, and the declaration contained the same averment as the present. Lord Ellenborough said, in an action on a statute for a penalty, "it has been invariably holden, that the fact must be alleged to be done against the form of the statute;" and of the same opinion were the whole court. In that case Mr. Justice Lawrence said, that perhaps the allegation, "whereby and by force of the statute an action had accrued," would have been sufficient, if it had been statutes; but it is stated doubtingly, and the opinion of the rest of the court is directly against him. See, also, Doct. Plac. 332.

We yield to the authority of this decision, because we think, that in principle, it is fully supported by former cases. Whatever we might think of the merits of the case before us, it is our duty to expound the laws, without reference to the character of the transaction which the record discloses.

The case of Priestman v. U. S., 4 Dall. [4 U. S.] 28, which was finally affirmed in the supreme court of the United States, contains allegations in this respect exactly corresponding with the present declaration: but, as no exception was ever taken to that information, it would be too much to set aside the solemn decisions of other courts, founded on good reasons, by the authority of a precedent which passed sub silentio. Besides, that was an information in rem, in respect to which, perhaps, a distinction may be made. In proceedings in the admiralty, the same strictness is not required, as in proceedings in common law courts. And where the seizure is on land—as was the case in Priestman v. U. S. [supra]—although the proceedings would seem to be analogous to informations in the exchequer; yet, I do not know, that in our courts, the rigid principles of the common law applicable to such informations have been solemnly recognized. See Anon. [Case No. 444]; The Concord, 9 Cranch [13 U. S.] 387; The Palmyra, 12 Wheat. [25 U. S.] 1; Atty. Gen. v. Ray, 11 Mees. & W. 464; Atty. Gen. v. Smith, 5 Mees. & W. 372–374. The judgment of the district court must, therefore, be reversed.

Judgment reversed.