HILL v. THOMPSON.

1. This court cannot review the action of the Circuit Court in the exercise of its supervisory jurisdiction over an adjudication of bankruptcy rendered by the District Court.

2. It is immaterial whether such adjudication was upon a summary hearing by the District Court, or after a trial by jury to ascertain the fact of the alleged bankruptcy.

3. *Sandusky* v. *National Bank* (23 Wall. 289) and *Wiswall et al.* v. *Campbell et al., Assignees* (93 U. S. 347), cited and approved.

ERROR to the Circuit Court of the United States for the Eastern District of Michigan.

Thompson commenced proceedings in involuntary bankruptcy against Hill & Leufestey in the District Court for the Eastern District of Michigan. Hill appeared to show cause against the petition, and, under sect. 5026, Rev. Stat., demanded a trial by jury, " to ascertain the fact of the alleged bankruptcy." Pursuant to this demand a trial was had, which resulted in a verdict finding the facts set forth in the petition to be true ; and an adjudication was made accordingly. Exceptions were taken at the trial to the rulings of the court upon the admissibility of testimony, and also to the charge. The proceedings were then carried by writ of error to the Circuit Court, where the judgment of the District Court was affirmed ; and this court is now asked to review the action of the Circuit Court by writ of error.

*Mr. H. B. Brown* for the plaintiff in error.

*Mr. C. A. Kent, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The first question presented in this case is one of jurisdiction. In *Sandusky* v. *National Bank*, 23 Wall. 289, we decided that an adjudication of bankruptcy, without a trial by jury, could not be brought here for re-examination by appeal, as the Circuit Court could only review such a proceeding under its supervisory jurisdiction where its action was final. It only remains to consider, therefore, whether a different rule must be applied when the adjudication is after a trial by jury.

The reason why we cannot review the action of the Circuit Courts in the exercise of their supervisory jurisdiction under the bankrupt law, is, as we have already said at the present term, in *Wiswall et al.* v. *Campbell et al., Assignees*, 93 U. S. 347, "that a proceeding in bankruptcy, from its commencement to its close upon the final settlement of the estate, is but one suit. The several motions made and acts done in the bankrupt court in the progress of the cause are not distinct suits at law or in equity, but parts of one suit in bankruptcy, from which they cannot be separated. As our jurisdiction extends only to a re-examination of final judgments or decrees in suits at law or in equity, it follows that we have no control over judgments and orders made by the courts below in mere bankruptcy proceedings."

Going, then, to the bankrupt law, we find, Rev. Stat., sect. 5026, that in cases of involuntary bankruptcy "the court shall proceed summarily to hear the allegations of the petitioner and the debtor;" or "shall, if the debtor . . . so demands, in writing, order a trial by jury at the first term of the court at which a jury shall be in attendance, to ascertain the fact of the alleged bankruptcy." And, also, that "if upon the hearing or trial, the facts set forth in the petition are found to be true, . . . the court shall adjudge the debtor to be a bankrupt." Sect. 5028. From this it is clear that the trial by jury is as much before the court "when sitting as a court of bankruptcy," and as much a part of the suit in bankruptcy, as the summary hearing by the court is when a jury shall not be demanded.

The supervisory jurisdiction of the Circuit Court extends to all cases and questions arising in the District Court when sitting as a court of bankruptcy, and it follows that our jurisdiction is excluded over all such questions and cases. In *Insurance Company* v. *Comstock*, 16 Wall. 258, we held that a writ of error was the "proper process" for the Circuit Court to employ in bringing up for re-examination under its supervisory jurisdiction the questions arising upon a jury trial provided for in sect. 5026; but that does not reach the question here involved, which is, whether the judgment of the Circuit Court in such a proceeding is a final judgment in a civil action. If it is not, we

have no power of review, because only such judgments of that court can be re-examined here. Rev. Stat., sect. 691. We think it is not; and, as the general subject has been so recently before us in *Wiswall et al.* v. *Campbell et al., Assignees,* we content ourselves with a reference in support of this conclusion to the opinion in that case, following, as it does, that in *Sandusky* v. *National Bank, supra.*

*Writ of error dismissed for want of jurisdiction.*