## CLEVELAND INSURANCE COMPANY *v.* GLOBE INSURANCE COMPANY.

1. The decision in *Sandusky* v. *National Bank* (23 Wall. 289) and *Hill* v. *Thompson* (94 U. S. 322), that this court cannot review the action of the Circuit Court in the exercise of its supervisory jurisdiction over a judgment rendered by the District Court, on a petition praying that a party be adjudged a bankrupt, reaffirmed.
2. No particular form of proceeding is required to remove such a case to the Circuit Court. It is sufficient if some " proper process " is used.
3. A writ of error, employed as " process " for the purposes of that jurisdiction, will not deprive the Circuit Court of its power to proceed.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the Northern District of Ohio.

The facts are stated in the opinion of the court.

*Mr. Jacob D. Cox* and *Mr. John F. Follett*, for the defendant in error, in support of the motion.

*Mr. H. L. Terrell* and *Mr. S. Burke, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

On the 2d of May, 1872, the Globe Insurance Company, of Cincinnati, filed a petition in the District Court of the United

States for the Northern District of Ohio, sitting in bankruptcy, against the Cleveland Insurance Company, asking to have the last-named company adjudged a bankrupt. To this petition the Cleveland Insurance Company in due time appeared and filed its answer, and on the 16th of October, 1874, after hearing in the District Court, a judgment was entered dismissing the petition. On the 16th of December, a bill of exceptions was signed by the district judge and filed in the cause, which contained a statement of all the evidence submitted upon the hearing, with the findings of the District Court thereon both as to the facts and the law. On the same day, the following writ of error, omitting the mere formal parts, was sued out of the Circuit Court : —

"Because in the record and proceedings, and also in the rendition of judgment, in a certain matter which is in the said District Court in bankruptcy before you, wherein the Globe Insurance Company is petitioning creditor against the Cleveland Insurance Company, debtor, a manifest error hath happened, to the great damage of the said Globe Insurance Company, as by its complaint appears ; and it being fit that the error, if any there hath been, should be duly corrected, and full and speedy justice done to the parties aforesaid in this behalf, you are hereby commanded, if judgment be therein given, that then, under your seal, distinctly and openly, you send the record and proceedings, with all things concerning the same, to the Circuit Court of the United States for the Sixth Circuit and Northern District of Ohio, together with this writ, so that you have the same at Cleveland, in said district, on the fifth day of January next, in the said Circuit Court to be then and there held, that the record and proceedings aforesaid being inspected, the said Circuit Court may cause further to be done therein to correct that error what of right and according to the law and custom of the United States should be done."

On the next day, in obedience to the command of this writ, a transcript of the proceedings and judgment of the District Court, including the bill of exceptions, was sent to the Circuit Court, and on the 27th of November, 1875, the Cleveland Insurance Company appeared in the Circuit Court and moved to dismiss the writ, for the following reasons : —

" 1st, Because this being a petition in involuntary bankruptcy, where the bankrupt or debtor demanded no jury, but hearing was had to the court, the case is not removable into this court by writ of error, but by petition for review, or other proper process under the first clause of the second section of the Bankrupt Act.

" 2d, Because the debt or damages claimed in the petition herein do not amount to more than $500 ; in fact, no debt or damages are claimed at all.

" 3d, Because the writ of error herein was not sued out or taken within ten days after the entry of the decree or decision of the District Court herein, nor were the statutes regulating the granting of writs of error complied with within ten days after the entry of the decree or decision of the District Court."

This motion was overruled, and on the 15th of June, 1876, the Circuit Court, after hearing, " as well upon the transcript of the judgment and other proceedings between the parties in the District Court; . . . brought here by writ of error from this court to said District Court, as also upon the matters by the said Globe Insurance Company herein assigned for error," entered its judgment as follows : —

" Therefore, it is considered that the judgment aforesaid for the errors aforesaid be reversed, annulled, and altogether held for naught, and that the said Globe Insurance Company be restored to all things which it has lost by occasion of said judgment, and recover against the said Cleveland Insurance Company its costs in this behalf expended, taxed at $60.65.

" And thereupon it is ordered that a special mandate be sent down to said District Court to carry this judgment into execution.  And it is further ordered that this cause be remanded to the said District Court by writ of *procedendo*, commanding the judge of said court to proceed according to law to set aside its order dismissing the petition of the said Globe Insurance Company, and thereupon to adjudge the said Cleveland Insurance Company bankrupt, as prayed for in and by said petition of said Globe Insurance Company, and further to proceed in said matter in such manner according to the laws of the land as he shall see proper, the said writ of error to the contrary notwithstanding."

To reverse this judgment the present writ of error has been sued out of this court by the Cleveland Insurance Company, and the Globe Insurance Company now moves to dismiss the suit for want of jurisdiction.

In *Sandusky* v. *National Bank* (23 Wall. 289) and *Hill* v. *Thompson* (94 U. S. 322) it was decided that the only remedy provided for the correction of errors in a proceeding in the District Court for an adjudication in bankruptcy was such as could be had under the supervisory jurisdiction of the Circuit Court, and as to that jurisdiction it is well settled that the action of the Circuit Court is final and not subject to review in this court. The correctness of these decisions is conceded, but the plaintiff in error claims that as the Circuit Court could only take jurisdiction under its supervisory power, and the case was actually taken to that court by writ of error, this court, under the rule laid down in *Stickney* v. *Wilt* (23 Wall. 150), must reverse the judgment of the Circuit Court, and remand the cause with instructions to grant the motion to dismiss the writ.

The section of the Revised Statutes which grants to the Circuit Court its supervisory jurisdiction is as follows: —

" SECT. 4986.   The Circuit Court for each district shall have a general superintendence and jurisdiction of all cases and questions arising in the District Court for such district when sitting as a court in bankruptcy; . . . and, except when special provision is otherwise made, may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case as in a court of equity; and the powers and jurisdiction hereby granted may be exercised either by the court in term time or in vacation by the circuit justice or the circuit judge of the circuit."

No particular form of proceeding is required in order to take the case to the Circuit Court for review under this jurisdiction. It is sufficient if some " proper process " for that purpose is employed; and in *Insurance Company* v. *Comstock* (16 Wall. 259), which, like this, was a suit in involuntary bankruptcy against an insurance company, this court held that a writ of error was " proper process " when the questions to be re-examined arose upon a bill of exceptions taken at a jury trial under

sect. 5026, Rev. Stat., to ascertain the alleged fact of bankruptcy. In that case the Circuit Court, upon its own motion, dismissed the writ "for want of jurisdiction, holding that a writ of error will not lie in such a case to remove the record from the District Court into the Circuit Court for re-examination." p. 266. In this court it was argued that abundant provision was made for a review of such proceedings under the supervisory power of the Circuit Court, and that a writ of error was improper process; but we held it was clearly wrong to dismiss the writ, and although we could not entertain jurisdiction of the cause, the Circuit Court not having passed upon the merits, we sent it back with the suggestion that the Circuit Court should, under the circumstances, "grant a rehearing and reinstate the case, and proceed to decide the questions presented on the bill of exceptions." It is true some stress was laid upon the fact that there had been a trial by jury; but the point was directly made and decided that the Circuit Court could use a writ of error to bring the case up for review under its general superintendence of bankruptcy proceedings. At that time we had not decided that this court could not re-examine such judgments of the Circuit Court, and that question was purposely left open; but Mr. Justice Clifford, in delivering the opinion, said, "It is clear beyond doubt that the Circuit Court erred in dismissing the writ of error for want of jurisdiction, as it was the right of the excepting party to have the questions, if duly presented by bill of exceptions, re-examined by the Circuit Court." Since it is now settled that this re-examination must be had under the supervisory jurisdiction of that court, this language is to be interpreted to mean, that when a writ of error is employed as "process" for the purposes of that jurisdiction, it will not deprive the court of its power to proceed.

Looking to the writ in this case to see under what jurisdiction it was issued, we find that it was in terms sent down to bring up the record and proceedings in a certain matter pending in the District Court sitting in bankruptcy, wherein the Globe Insurance Company was petitioning creditor and the Cleveland Insurance Company was debtor. Thus it is apparent that the proceeding to be reviewed was in bankruptcy, and not a suit

at law or in equity. The only jurisdiction, therefore, appropriate to the relief which was asked was the supervisory jurisdiction; and as there is nothing in the form of the writ or otherwise to manifest a contrary intent, it will be presumed that the court actually proceeded under that jurisdiction in all that was done. It follows that the Circuit Court had jurisdiction, and that its judgment is final. The proceeding was one which could only be re-examined under the supervisory jurisdiction, and the process employed to bring the case up was proper under the circumstances. The record which went up carried not only the bill of exceptions, but the entire proceedings below and all the testimony.

There is nothing in the case of *Stickney* v. *Wilt* (23 Wall. 150) at all in conflict with this. There, the suit in the District Court was one in equity, and not one in bankruptcy. Such suits can only be taken to the Circuit Court for review by appeal. The case was, however, prosecuted in the Circuit Court, under its supervisory jurisdiction. This was distinctly manifested throughout, and we held that as in that form of proceeding the court had no jurisdiction whatever, we would reverse its decree, and remand the cause with instructions to dismiss the petition for review.

Here, however, the Circuit Court had jurisdiction, and over its judgment we have no control.

The motion to dismiss for want of jurisdiction will be granted; and it is

*So ordered.*


Mr. JUSTICE CLIFFORD dissenting.

Jurisdiction of the district courts as courts of bankruptcy extends to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt and the close of the proceedings in bankruptcy. Rev. Stat., sect. 4972; 14 Stat. 518.

Circuit courts for each district of their respective circuits have a general superintendence and jurisdiction of all cases and questions arising in the district court for such district, when sitting as a court of bankruptcy, which may be exercised by the court in term time or in vacation by the circuit justice or

by the circuit judge of the circuit; and the provision is that such circuit court, circuit justice, or circuit judge may, in term time or vacation, except when special provision is otherwise made upon bill, petition, or other proper process of the party aggrieved, hear and determine the case as in a court of equity. 14 Stat. 518; *Morgan* v. *Thornhill*, 11 Wall. 65.

Apart from those two provisions, the third clause of the second section provides that circuit courts shall also have concurrent jurisdiction with the district courts of all cases at law or in equity which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of such bankrupt transferable to or vested in such assignee. *Smith* v. *Mason*, 14 Wall. 419; *Knight* v. *Cheney*, 5 Nat. Bank. Reg. 305.

Petition in bankruptcy against the defendant company was filed in the District Court by the corporation plaintiffs, and they prayed that the defendant company may be declared bankrupt, and that a warrant may be issued to take possession of their estate. Due proceedings followed, and the District Court sitting without a jury decided that the facts set forth in the petition were not proved, and entered a decree dismissing the petition.

Instead of petitioning the Circuit Court for a revision of the ruling and decision of the District Court, under the first clause of the second section of the Bankrupt Act, as the petitioners should have done, they filed a bill of exceptions as in action at law, and the same was signed and sealed by the district judge as in the trial of an information for a seizure on land under the ninth section of the Judiciary Act.

Application was then made by the original petitioners to the Circuit Court for a writ of error to the District Court, which was granted, and the cause was removed into the Circuit Court just as when an action at law tried before a jury is removed from the court of original jurisdiction into an appellate tribunal pursuant to the common-law bill of exceptions, except that the bill of exceptions contains the court's findings of fact as in common-law cases where a jury is waived.

When the cause was entered and the transcript filed in the

Circuit Court, the defendant company appeared and moved to dismiss the writ of error, for the following reasons : 1. Because the proceeding being a petition in involuntary bankruptcy, where the bankrupt did not demand a jury and the hearing had been by the District Court, the case is not removable into the Circuit Court by writ of error, but by petition for review or other proper process under the first clause of the second section of the Bankrupt Act.    2. Because the debt or damage claimed in the petition does not amount to $500.    3. Because the writ of error was not sued out within ten days after the entry of the decision in the District Court.

Hearing was had ; and the Circuit Court overruled the motion to dismiss the writ of error, and reversed the decree of the District Court with costs, and ordered that a special mandate be sent down to the District Court directing that court to carry the judgment of the Circuit Court into execution and to adjudge the defendant company bankrupt, as prayed in the petition, and to proceed in the matter according to law.    Exceptions were filed by the defendant company, and they sued out the present writ of error and removed the cause into this court.

Since the cause has been entered here, the plaintiff company has filed a motion to dismiss the writ of error upon the ground that no appeal lies to this court from a judgment or decree of the Circuit Court exercising the supervisory jurisdiction conferred upon it by the first clause of the second section of the Bankrupt Act.    *Morgan* v. *Thornhill*, 11 Wall. 65 ; *Smith* v. *Mason*, 14 id. 419.

Both of these cases affirm that rule beyond all doubt, and the same rule is confirmed by every subsequent case upon the same subject; but the difficulty is, that the Circuit Court did not exercise the supervisory jurisdiction which the first section of the Bankrupt Act conferred.    Jurisdiction under that clause of the second section of the act is usually exercised in pursuance of a petition for revision, and it must be exercised in some mode of proceeding which will give the defending party the right to answer the allegations of the pleading, as in a bill of complaint, as is plainly to be inferred from the language of the clause, else the hearing would be a mockery, as it would be practically *ex parte*.

Circuit courts are not courts of bankruptcy, nor have they power to re-examine or review the rulings, decisions, or judgments of the district courts sitting in bankruptcy, except in the cases and in the manner provided by the Bankrupt Act; nor is it pretended that the Bankrupt Act gives the Circuit Court any power whatever in a case like the present, to re-examine the decision or judgment of the District Court by a writ of error.

Suppose the proceedings in the Circuit Court were in every respect erroneous, leaving the losing party without remedy unless the error can be corrected here, still it is insisted that this court is without the power to grant relief. Cases wrongly brought up, it may be admitted, should, as a general rule, be dismissed by the appellate tribunal; but a necessary exception exists to that rule where the effect of a judgment or decree of dismissal will be to give full operation to an irregular and erroneous judgment or decree of the subordinate court in a case where the judgment or decree of such a court is rendered without jurisdiction, or in violation of some legal or constitutional right of the losing party.

Rules of practice are established to promote the ends of justice, and where it appears that a given rule will have the opposite effect from that which it was intended to accomplish, courts of justice have never hesitated to establish an exception to it. Appellate courts, where there is no defect in bringing up a cause, usually affirm or reverse the judgment or decree of the court below; but cases occasionally arise where the proceedings of the subordinate court are so unusual and irregular that the appellate court can neither reverse nor affirm the merits of the case without doing great injustice, and in such cases the appellate court never hesitates to remand the case for a new trial or rehearing, first reversing the judgment or decree in order to open the case for that purpose. *Suydam* v. *Williamson et al.*, 20 How. 427.

Where, as in a special verdict, the essential facts are not distinctly found by the jury, although there is sufficient evidence to establish them, the court will not render a judgment upon such an imperfect special finding, but will remand the cause to the court below with directions to award a new *venire*.

*Barnes* v. *Williams*, 11 Wheat. 415; *Graham* v. *Bayne*, 18 How. 60.

So where the circumstances disclosed in the record rendered it proper, in the view of the court, to remand the case for a further hearing, the court decided to reverse the judgment, in order that the rehearing might be granted. *United States* v. *Cambuston*, 20 How. 59.

Admiralty cases have more than once been appealed to this court in which it appeared that the Circuit Court had no jurisdiction of the case, in consequence of irregularities in the District Court; and in such cases it has been held by this court that it is the regular course to reverse the decree of the Circuit Court, and to direct the Circuit Court to remand the cause to the District Court for further proceedings. *Montgomery* v. *Anderson*, 21 How. 386; *Mordecai* v. *Lindsey*, 19 id. 199; *United States* v. *Galbraith et al.*, 22 id. 89.

Difficulties of the kind frequently occur in cases of seizures, as the district courts have often failed to distinguish between seizures on land and seizures on navigable waters. Mistakes of a like kind have also been made in libels of information under the confiscation acts. Where the seizure is on land, the rule is that the case is triable according to the course of the common law; but seizures, when made on waters which are navigable from the sea by vessels of ten or more tons burthen, are exclusively cognizable in the admiralty, subject to appeal to the circuit courts. Dunlap, Practice, 116; *Cross* v. *United States*, 1 Gall. 26; *Confiscation Cases*, 7 Wall. 454; 3 Greenl. Evid., sect. 396; 1 Kent, Com. (12th ed.) 304.

Want of jurisdiction in the court below, however, does not prevent this court from assuming jurisdiction, on appeal, for the purpose of reversing the decree rendered by the Circuit Court in order to vacate any unwarranted proceedings necessarily standing in the way of the proper proceeding in a case where, in the judgment of this court, other proceedings ought to take place in consequence of the irregularity in either of the subordinate courts. Where the court below has no jurisdiction of the case in any form of proceeding, the regular course is to direct the cause to be dismissed, if the judgment or decree of the lower court is for the defendant or respondent; but if the

judgment or decree is for the plaintiff or libellant, the court here will reverse the judgment or decree, and remand the cause with proper directions, as for example, to reverse the decree of the District Court in a case where that court proceeded irregularly or without jurisdiction, and to remit the cause to the District Court in order that the cause may be dismissed in the court where the error commenced; or this court will reverse the judgment or decree of the Circuit Court, and remand the cause with directions to dismiss the case, or to grant a new trial or rehearing, with or without leave to amend the pleadings, according to the circumstances of the case and as justice may require. *Morris's Cotton*, 8 Wall. 507; *Mail Company* v. *Flanders*, 12 id. 130.

Nor did those decisions announce any new rule of practice, as this court had in repeated instances decided in the same way before that time. *Union Insurance Co.* v. *United States*, 6 id. 759; *Amstrong's Foundry*, id. 766.

Precisely the same question was presented in the case of *United States* v. *Hart* (id. 722), where this court decided that the proper disposition of the case was to reverse the decree, and remand the cause to the court below with directions to enter a decree remitting the case to the District Court, that the case might be tried on the common-law side with a jury, it appearing in that case that the seizure had been made on land and not on waters navigable from the sea. *The Brig Caroline* v. *United States*, 7 Cranch, 496; *The Sarah*, 8 Wheat. 391.

Unless the practice was as explained, great injustice would be done in all cases where the judgment or decree in one or both of the subordinate courts is erroneous and in favor of the party instituting the suit, as he would obtain the full benefit of a judgment or decree rendered in his favor by a court which had no jurisdiction to hear and determine the controversy. Common justice demands a strict adherence to this practice, which requires that this court in all such cases will reverse the judgment or decree of the lower court, and remand the cause with proper directions either to dismiss the case or allow the pleadings to be amended, or grant a new trial, or direct that the cause be remitted to the District Court, as the circumstances

of the case may require, in order that justice may be administered according to law.

Decided cases to that effect are numerous and decisive, showing that the rule must be regarded as founded in the settled practice of the court.

Beyond question, the general rule is that, where the Circuit Court is without jurisdiction, it is irregular to make any order in the cause except to dismiss the suit; but that rule does not apply to the action of the court in setting aside such orders as had been improperly made before the want of jurisdiction was discovered, especially if it appears that the effect of the dismissal would be to leave the moving party in possession of judgment rendered without jurisdiction or authority of law. *Mail Company* v. *Flanders*, 12 Wall. 130.

In such cases, the writ of error or appeal gives jurisdiction not only to dismiss the appeal, but also to remove all the hindrances to justice between the parties that have been created by the irregular acts of the subordinate court, and which were performed without jurisdiction or in violation of legal authority. *Armstrong's Foundry*, 6 id. 766.

Were it not so, the plaintiff would obtain the full benefit of the judgment or decree in the case rendered in his favor by a court which had no jurisdiction to hear and determine the controversy. *Morris's Cotton*, 8 id. 507.

Nor is it any answer of a satisfactory character to that obvious principle of justice to say that the Circuit Court would have had jurisdiction of the case if the party had petitioned the Circuit Court under the first clause of the second section of the Bankrupt Act, instead of resorting to the bill of exceptions and the common-law writ of error, as the conclusive reply to that suggestion is that the case before the court was removed by a writ of error from the District Court to the Circuit Court, and every lawyer knows that the Circuit Court could not acquire any jurisdiction by that mode of proceeding to render any valid decree in such a case.

Suppose that is so, then it follows that the dismissal of the writ of error without reversing the decree of the Circuit Court will leave the defendant company adjudged bankrupt by a court which had no jurisdiction of the case, and without any

remedy on the part of the company to avoid that erroneous decree.

Argument to verify that proposition is quite unnecessary, as the statement of the case shows that the Circuit Court granted a writ of error to the District Court, as in an action at common law, and having removed the cause from the District Court, sitting as a court of bankruptcy, into the Circuit Court, reversed the decree of the District Court dismissing the petition in bankruptcy, and issued a *procedendo* directing the District Court to grant the prayer of the petition, all of which was done as in an action at law; and the record shows that the Circuit Court sent down its mandate to the District Court, as in an action at law, directing the District Court to execute the judgment rendered by the Circuit Court.

None of these proceedings are controverted, nor can they be; from which it follows that, when the judgment of the court dismissing the present writ of error is carried into effect, the defendant company will stand adjudged bankrupt by the Circuit Court, which had no more power to render such a judgment than a State justice of the peace, as every lawyer knows that the Circuit Court has no other jurisdiction than what is conferred by an act of Congress, and that the Bankrupt Act confers no jurisdiction upon the circuit courts, in that mode of proceeding, to reverse such a decree of the District Court.

Cases wrongly brought up, it may be admitted, should, as a general rule, be dismissed by the appellate tribunal; but a necessary exception exists to that rule where the consequence of a dismissal will be to give full effect to an irregular and erroneous decree of the subordinate court in a case where the court was without jurisdiction, and acted in violation of some legal or constitutional right of the party against whom the decree was entered.

Serious embarrassment often arises in such cases where it appears that the subordinate court is without jurisdiction; but that difficulty does not prevent the court here from assuming jurisdiction under the writ of error or appeal for the purpose of reversing the judgment or decree rendered in the subordinate court, in order to vacate the same, when rendered or passed

without authority of law.    *The Brig Caroline* v. *United States*, 7 Cranch, 496 ; *The Sarah*, 8 Wheat. 391.

All other arguments failing, the attempt is made to show that certain remarks of the court in the case of *Insurance Company* v. *Comstock* (16 Wall. 258) support the proposed judgment of the court in the present case ; but it is clear that no inference of the kind can properly be drawn from the opinion of the court in that case, for the plain reason that the court held that *mandamus* was the proper remedy in that case, and dismissed the writ of error solely upon that ground.

Prior to certain more recent decisions, it was an unsettled question whether or not a writ of error would lie from the Circuit Court to the District Court, where, in a proceeding in bankruptcy, the bankrupt demanded a trial by jury.    Exceptions were taken in that case where the proceeding was in bankruptcy, and the Circuit Court refused to decide the question.    Hearing was had here ; and this court was of the opinion that *mandamus* was the proper remedy of the party, but did not deem it necessary to issue the writ, as it was suggested that the Circuit Court would at once conform to the views of this court.    Since that time, it has been decided that a writ of error will not lie in such a case, which removes all doubt upon the subject and every pretence of inconsistency in our former decisions.    *Wiswall et al.* v. *Campbell et al.*, 93 U. S. 347 ; *Hill* v. *Thompson*, 94 id. 322.

Conclusive support to the proposition that nothing is to be inferred from the case of *Insurance Company* v. *Comstock*, to sustain the theory of the court in the present case, is found in the subsequent decision of the court, which is reported in the same volume.    *United States et al.* v. *Huckabee*, 16 Wall. 414.    In that case the court say that usually, where a court has no jurisdiction of a case, the correct practice is to dismiss the suit; but a different rule necessarily prevails in an appellate court in cases where the subordinate court was without jurisdiction, and has given a judgment or decree for the plaintiff, or improperly decreed affirmative relief to a libellant.    In such cases the judgment or decree in the court below must be reversed, else the party which prevailed there will have the benefit of the judgment or decree, though rendered by a court

which had no authority to hear and determine the matter in controversy. *United States et al.* v. *Huckabee, supra ; Coit* v. *Robinson*, 19 Wall. 274.

Two cases are also reported in the twenty-third volume of Wallace's Reports to the same effect, the opinion of the court in the last of which was given by the present Chief Justice. In the first case, the court say that where the court below has no jurisdiction of the case in any form of proceeding, the regular course, if the judgment or decree is for the defendant or respondent, is to direct the cause to be dismissed ; but if the judgment or decree is for the plaintiff or petitioner, the court here will reverse the judgment or decree, and remand the cause with proper directions, which, in the case supposed, must be to dismiss the writ, libel, or petition, as the subordinate court cannot properly hear and determine the matter in controversy.

Viewed in the light of these suggestions, it is clear that the decree of the Circuit Court should be reversed ; and inasmuch as that court has no jurisdiction of the subject-matter in that form of proceeding, the directions should be that the writ of error be dismissed.

Instead of a writ of error, an appeal was taken in the second case, in which the Chief Justice said, that in order to sustain the jurisdiction of the Circuit Court in such a case, it must be a case in equity arising under and authorized by the Bankrupt Act, that a proceeding in bankruptcy from the time of its commencement by the filing of a petition to obtain the benefit of the act, until the final settlement of the estate of the bankrupt, is but one suit, and that the District Court, for all the purposes of its bankruptcy jurisdiction, is always open, and that the only remedy for the correction of errors in such cases is to be found in the supervisory jurisdiction of the circuit courts under the provisions of the first clause of the second section of the Bankrupt Act.

Corresponding views are expressed by the Chief Justice in two later cases, both of which are reported in the regular series of reports of the Supreme Court. *Wiswall* v. *Campbell*, 93 U. S. 348; *Hill* v. *Thompson*, 94 id. 322. Both of these cases show to a demonstration that the Circuit Court, in reversing the decree of the District Court, acted without jurisdic-

tion; and yet the effect of the judgment of the court in this case is to leave the judgment of the Circuit Court, rendered without jurisdiction, in full force, which, in my judgment, is error.

Six times, at least, the question in the case has been decided by this court, without a dissent, which would seem to be a sufficient justification of a member of the court who concurred in all of the decisions for adhering to the rule which those cases prescribe. For these reasons, I am of the opinion that the decree of the Circuit Court should be reversed, and that the case should be remanded to the Circuit Court with directions to that court to dismiss the writ of error sued out from that court to the District Court.