*In re* CLEVELAND INS. CO., Bankrupt.[1]

BURKE and another *v.* GLOBE INS. CO.[1]

*(Circuit Court, N. D. Ohio.* 1884.)

1. BANKRUPTCY—RES ADJUDICATA—DECREE OF BANKRUPTCY.
   The finding, in a degree of adjudication in involuntary bankruptcy, that the petitioning creditor has a valid, provable claim to the amount of $250, is not conclusive upon the assignee and creditors, so as to dispense with proof of debt of the petitioning creditor, or to preclude questioning the right of such claim to participate in the distribution of the estate.

2. SAME—SET-OFF.
   Set-off arises only between independent debts, mutually due, between the same parties.

3. SAME—COUNTER-CLAIM—REINSURANCE—OTHER LOSSES.
   The C. Co. reinsured certain risks with the G. Co., (both Ohio corporations,) and losses occurred upon such risks. The former made an assignment under the state law, and, upon petition of the latter, was subsequently adjudicated a bankrupt. Between the date of the assignment and the filing of the petition in bankruptcy, the G. Co. purchased claims against the C. Co., for losses,— part being covered by the G. Co.'s reinsurance, and part being for other risks,— for the purpose of using such claims as offsets to its own liability. *Held,* that the claims so purchased for losses, which the G. Co. had reinsured, were a valid counter-claim against its indemnity of reinsurance upon such claims, and that this is not affected by the twentieth section of the bankrupt act, nor the amendment of 1874, nor by the principle of *Straus* v. *Ins. Co.* 5 Ohio St. 59. But, under the decisions of the supreme court of Ohio, claims for losses which the G. Co. had not reinsured, it could not set off against claims arising on other reinsurance; it is a debtor to the bankrupt's estate to the amount of such latter claims. The former class of claims, though, is provable in its favor as a general creditor.

Appeal in Bankruptcy from District Court.

*S. Burke,* for Younglove.

*J. D. Cox,* for Globe Ins. Co.

MATTHEWS, Justice. This is a proceeding to review and reverse a decree of the district court, sitting in bankruptcy, sustaining the exceptions of the Globe Insurance Company to a report of the register in reference to its claim as a creditor. The claim, as stated and finally allowed by the decree, is as follows:

| | | |
|---|---|---:|
| Total claim, | - - - - - - - | $50,134 48 |
| Credits admitted, | - - - - - - - | 47,353 77 |
| Balance found, | - - - - - - | $ 2,780 71 |

1 Reported by J. C. Harper, Esq., of the Cincinnati bar.

The nature of this claim, and the questions arising upon it, will appear from the following statement of facts, which are shown in the register's report and are not in dispute:

The Cleveland Insurance Company, the bankrupt, and the Globe Insurance Company, which was the sole petitioning creditor, the proceedings being in involuntary bankruptcy, were both corporations under the laws of Ohio for the organization of fire insurance companies. In October, 1870, the Cleveland Company had outstanding fire risks in Chicago to a large amount, on which it procured from the Globe Insurance Company reinsurance amounting, upon adjustment of the losses reinsured, to $47,353.77, being the credits given by the claimant to the bankrupt in the proof; and this amount, it is admitted, is the adjusted loss, for which the Globe Insurance Company would be liable upon the reinsurance. The policy of reinsurance stipulated "that all risks reinsured by this policy are subject to such conditions, privileges, alterations, and accomodations as may be given by the Cleveland Insurance Company, and all losses payable *pro rata*, and at same time with said Cleveland Insurance Company." The Chicago fire occurred in October, 1871, and on November 9, 1871, the Cleveland Insurance Company, having become insolvent by reason thereof, made a general assignment of all its property, under the law of the state of Ohio, to Moses C. Younglove for the equal benefit of all its creditors. The Globe Insurance Company sought to settle with the assignee for less than the full amount of its liability, but its offers of compromise were declined. Thereupon it purchased claims against the Cleveland Insurance Company for the avowed purpose of using them as set-offs to the claim of the latter against itself. The claims thus purchased amount to $50,134.48, and constitute the amount of debits in the proof of the claim filed. These claims were purchased prior to May 2, 1872, and consist of 10 policies of insurance issued by the Cleveland Insurance Company, upon which the amount of the losses had been agreed on at the sum charged in the statement of account, and which have been assigned by the original owners to the Globe Insurance Company. Of these 10 policies so assigned, 4, in which the adjusted losses amount to $14,482.50, were reinsured for the full amount by the Globe Insurance Company. The remaining 6 covered adjusted losses amounting to $35,482.98, and on these policies there was partial reinsurance on each, amounting in all to $15,878.98, leaving $19,773 not reinsured, and the whole amount reinsured, $30,361.48. This amount, being the aggregate liability upon these 10 policies of the Globe Insurance Company on its reinsurance, constitutes that amount of credits allowed in the account; the remainder of which, $16,992.29, is made up of losses on five additional policies, which the Globe Insurance Company does not own. The other claims were assigned to it within 60 days prior to May 2, 1872, and after the assignment by the Cleveland Insurance Company to Younglove.

On that date, May 2, 1872, the Globe Insurance Company filed in the district court for the Northern district of Ohio, at Cleveland, its petition, praying that the Cleveland Insurance Company might be adjudged a bankrupt, the act of bankruptcy charged being the assignment made by that company to Younglove. The petition alleged that the petitioner was a creditor to an amount exceeding $250, provable in bankruptcy, and that its demand was as follows:

"Among other indebtedness of said Cleveland Insurance Company to the petitioner, the sum of four thousand and ninety 90-100 dollars, being the one-half of an adjusted loss upon a policy of insurance issued by said Cleveland Insurance Company to Sweet, Dempster & Co., of Chicago, Illinois, of which the other half was reinsured to said Cleveland Insurance Company by your petitioner; and the whole of which said policy and the adjusted loss thereunder has been, since the occurrence of said loss, assigned by said Sweet, Dempster & Co., for a valuable consideration, to your petitioner; the whole of said loss, as adjusted and acknowledged by said Cleveland Insurance Company, amounting to the sum of eight thousand one hundred and eighty one 81-100 dollars."

An answer was filed denying the allegations of the petition, to which there was a reply; and, a jury being waived, the issues were submitted to the determination of the court. It was found by the court "that the respondent was indebted to the petitioner in the amount of more than $250, as set forth in the said petition;" but the court also found that the assignment by the Cleveland Insurance Company to Younglove was not an act of bankruptcy, and accordingly, on October 16, 1874, dismissed the petition. This judgment was reversed by the circuit court, June 15, 1876, for error in not holding the assignment to be an act of bankruptcy. The Cleveland Insurance Company sought to reverse this judgment of reversal by suing out a writ of error from the supreme court, but this writ was dismissed for want of jurisdiction. *Cleveland Ins. Co.* v. *Globe Ins. Co.* 98 U. S. 366. Such proceedings were thereafter had therein, in the district court, that on October 9, 1879, the Cleveland Insurance Company was finally adjudged a bankrupt for the cause aforesaid, and by proper proceedings thereunder M. C. Younglove, to whom the assignment had been made, was chosen and confirmed as assignee in bankruptcy, and accepted the trust. On January 19, 1880, the Globe Insurance Company filed with the register its claim as a creditor, with proof thereof, being for the balance of account, amounting to $2,780.71, remaining after deducting from its claim of $50,134.48 for policies of the Cleveland company, and adjusted losses thereunder assigned to it, the amount of $47,353.77, admitted by it to be due on account of reinsurance, the particulars of which have already been referred to. To the allowance of this claim, Burke, as a creditor, and Younglove, as assignee, filed exceptions. These exceptions were three in number, and as follows:

1. It is first objected that the claim of the Globe Insurance Company to extinguish its liability on account of reinsurance, by means

of claims for losses due from the Cleveland Company, is forbidden by section 20 of the bankrupt act of 1867, as amended by the act of June 22, 1874, which, it is contended, applies to this case.

Section 20 of the act of 1867 is as follows:

"That in all cases of mutual debts or mutual credits between the parties the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid, but no set-off shall be allowed, of a claim in its nature not provable against the estate: provided, that no set-off shall be allowed in favor of any debtor to the bankrupt of a claim purchased by or transferred to him after the filing of the petition."

The amendment of June 22, 1874, added the following:

"Or, in case of compulsory bankruptcy, after the act of bankruptcy upon or in respect of which the adjudication shall be made, and with a view of making such set-off."

The amending act also contains the following:

"Sec. 21. That all acts or parts of acts inconsistent with the provisions of this act be, and the same are hereby, repealed."

It will be observed that in the present case the claims of the Globe Insurance Company were purchased before the filing of the petition in bankruptcy; and that, although they were acquired after the act of bankruptcy upon which the adjudication was founded, and with a view of using them as set-offs, yet the amendment of June 22, 1874, did not take effect until after the petition was filed, though before the Cleveland Insurance Company was adjudged to be a bankrupt. It is accordingly contended by counsel for the petitioning creditor that this case must be governed by section 20 of the act of 1867, as it stood before the amendment.

2. It is objected to the allowance of these claims as set-offs, in the second place, that when they were acquired the title of the claim against the Globe Company, in favor of the Cleveland Company, had passed from the latter to Younglove, by virtue of its assignment to him; and that, although that assignment was adjudged to be an act of bankruptcy, it was not void and without effect, but was voidable merely, and then only at the election and suit of the assignee, and not at the instance of an individual creditor; and, if avoided, not so as to confer upon such creditors any preference to which they would not otherwise be entitled.

3. It is objected, in the third place, to the allowance of these claims, that the Globe Insurance Company was prohibited by the law of its creation from acquiring title to them for any purpose, or, at least, for the purpose of using them as set-offs to extinguish claims against itself.

On the other hand, it is contended that none of these objections to the claim of the petitioning creditor are now open, the matter of them all being *res adjudicata*, it having been necessarily determined by the judgment declaring the Cleveland Insurance Company a bankrupt.

But, for several reasons, it seems to me that this alleged estoppel does not arisé. It cannot be admitted that the finding that the petitioning creditor has a valid provable claim to the amount of $250, which is all that is necessary as a predicate for the adjudication upon the alleged act of bankruptcy, is conclusive upon the assignee and creditors, so as to dispense with proof of the debt of the petitioning creditor upon the distribution of the estate. It is conclusive so far as necessary to uphold the adjudication of bankruptcy, but no further. It may still be questioned, in part or in whole, upon the proof subsequently required and taken, so that it might consistently happen that a claim which has been found to exist, for the purpose of adjudging bankruptcy against the defendant, might afterwards be held not to exist for the purpose of participating in the distribution of the estate. The assignee and creditors cannot be bound as to their own interests by the acts or default of the bankrupt, resulting in a judgment to which they were not and could not be parties, except so far as that judgment determines the *status* of the bankrupt. But, in the present case, the claim of the Globe Insurance Company, as presented to the register for allowance, was not set forth in the petition nor passed on by the court. The petition alleges that the petitioner is a creditor; that its demand exceeds $250, "and is as follows, to-wit: Among other indebtedness of said Cleveland Insurance Company to the petitioner, the sum of $4,090.90, being the one-half of an adjusted loss upon a policy of insurance," etc., to Sweet, Dempster & Co.; but nothing whatever is said of its own indebtedness to the Cleveland Insurance Company, nor of its right to set-off against that the several claims, including that mentioned in the petition, set out in its account, its claim being for the difference in its favor. So that the finding of the court, "that the respondent was indebted to the petitioners in the amount of more than $250, as set forth in the petition," cannot be extended so as to cover the question now raised as to the right to use even the claim, specifically mentioned in the petition, as a set-off against its own admitted liability to the bankrupt's estate.

Nevertheless, in applying these objections to the claim of the Globe Insurance Company, they do not, any of them, touch so much of that claim as consists in compensating so much of the amount due on account of reinsurance, with an equal amount of the original claim of policy-holders, insured by the Cleveland Company, which were reinsured; that is, $30,361.48. The claim to extinguish that amount of liability upon the reinsurance by producing, transferred and thus canceled, the policies and losses on account and by means of which that liability has arisen, is not strictly nor properly a matter of set-off. That arises only between independent debts mutually due between the same parties. Here it is a matter of counter-claim arising out of the same transaction, where the party sought to be charged as liable on the reinsurance meets that liability by proof of payment, dis-

charge, and release of the very obligation for which the reinsurance was an indemnity. It is true that the original insurance and the reinsurance are independent and separate contracts; that there is no privity between the insured in the original policy and the reinsurer; and that a recovery can be had against the latter, at the suit of the reinsured company or its assignee, upon proof merely of the liability of the reinsured company upon the original policy, without actual payment. But it is equally indisputable that, to such an action, it would be a good bar, and complete defense, to show that the defendant had paid, and the original party insured had accepted, satisfaction of the loss insured and reinsured against, or to produce and prove a release from the original insured to the original insurer. This view is not inconsistent with the decision of the supreme court of Ohio in the case of *Ins. Co.* v. *Ins. Co.* 38 Ohio St. 11.

The right to make such satisfaction, if the original party chooses to accept it as payment, is not a right to set off one debt against the other, but is the right merely of the party charged with a liability to show that he has discharged it; to prove that he has performed and not broken his obligation; to plead that the plaintiff has not suffered the damage against which the defendant had given an indemnity. This right, it is clear, is not affected by the twentieth section of the bankrupt act of 1867, nor by the amendment to it of 1874, nor by the voluntary assignment to Younglove, who would be as much bound by such a defense as his assignor, nor by the principle which denies to insurance companies of Ohio corporate power to purchase the assignment of claims against those to whom they are indebted for losses to be used as set-offs, in order to satisfy and pay them.

This principle is embodied in the third objection to the allowance of the claims in question. It rests for authority upon the decision of the supreme court of Ohio in the case of *Straus* v. *Eagle Ins. Co.* 5 Ohio St. 59. In that case it was decided that a fire insurance company, under the laws of Ohio, had no corporate power to acquire title to claims against the insured for the purpose of using them as set-offs against the claims for a loss. The language of Judge RANNEY, in delivering the opinion of the court, was very strong and sweeping. He declared as the company "could not, under the power of investment, employ its credit to purchase claims for such a purpose, that it had no power to become a party to the contract of indorsement by which it obtained the notes in question, and no capacity to take or hold the legal title." The principle of this case was reaffirmed and applied in the case of *White's Bank* v. *Toledo F. & M. Ins. Co.* 12 Ohio St. 601; but some of the language used in the case of *Straus* v. *Eagle Ins. Co.*, *supra*, was limited and qualified as follows:

"The court, indeed, say, in that case, that 'the *contract*' (*i. e.*, the indorsement) '*is void and the instrument a nullity;*' but while we concede that there was such an *abuse* of power as should prevent the relief asked, we are not prepared to hold, where the indorsement is one which, under certain cir-

cumstances, the company might lawfully accept,—in other words, where there was a mere *abuse*, and not a *total want* of power,—that such indorsement would be null and void for *all purposes* and as *against all persons*."

The doctrine, as thus qualified, was again affirmed in *Ehrman* v. *Ins. Co.* 35 Ohio St. 324. This must be regarded as the settled law of Ohio; and as, in the present case, both corporations are its creatures, that law furnishes the rule of decision. Its application is not prevented by the supremacy of the bankrupt act, for that does not assume to confer upon corporate bodies of the states any powers not given to them by their charters. It simply regulates, in the matter of set-off, such rights as parties may have lawfully acquired. What those rights are in each case must depend upon the general law of the land, and, when they rest upon corporate power, that law is the law of the locality which has created it. But the principle of the case of *Straus* v. *Eagle Ins. Co., supra*, as we have seen, does not apply here so as to forbid the Globe Insurance Company from purchasing the claims of original insured parties against the Cleveland Insurance Company, so far as necessary, and with a view to make good its obligation of indemnity, and to extinguish its liability upon the reinsurance. This is no abuse of its corporate power, and it is no injury to the company reinsured. It is a legitimate exercise of its corporate power in the proper performance of its contracts, and seeks its own protection only by removing the liability of the party it reinsured, which it undertook should not result in loss. And to that extent, therefore, the position of the Globe Insurance Company is justified against all objection. But that company went further than was merely necessary to extinguish the liability of the Cleveland Company for losses which the former had reinsured. It paid in several cases where it had reinsured but one-half the risk, not merely the half it had reinsured, but purchased the entire claim for the whole loss, that it might use the half for which it was not a reinsurer as a set-off against claims arising on other reinsurances which it could not meet directly; for as to some of these, as has been stated, they did not become the owner of the claims for losses. There were five such claims, amounting to $16,992.29. No part of any of these has been paid by the Globe Insurance Company to the original owners, and the Cleveland Insurance Company is liable to them respectively for the full amount. As against this liability the Globe Insurance Company is not at liberty to set off claims upon other losses for which it was not reinsurer; for, upon the principle decided by the supreme court of Ohio, to permit this would be an abuse of its corporate power.

It may be that it became necessary, in negotiating with the original claimants, to purchase an entire claim for the whole loss under a particular policy in order to become owner of the half covered by the reinsurance. But, if so, this does not appear from the record, and cannot be assumed as a fact. If it were, it does not seem to

make any difference. If the Globe Insurance Company could not, as a matter of strict right, insist that the holder of an original policy should accept payment from it of one-half only of his loss, and he chose to make it a condition that to pay half the whole should be purchased, it is difficult to see how that could affect the rights of the Cleveland Insurance Company.

It is argued, indeed, on the part of the latter, that the Globe Insurance Company, by virtue of the decision of the supreme court of Ohio, already referred to, could not acquire the title to these claims for any purpose whatever, and cannot even prove as a creditor on their account. But, as already stated, the doctrine of that court, as finally qualified, does not go so far, but only prohibits the illegal use of such claims by way of set-off against claims for losses covered by other insurance. They remain in the hands of the Globe Insurance Company as claims provable in its favor, as a general creditor, entitled to dividends out of the bankrupt's estate *pro rata* with other unpreferred creditors. It is no objection to the view taken in this opinion of the relative rights of the parties that the Globe Insurance Company, by the form of its claim, has admitted itself to be debtor to the estate of the bankrupt to the full amount of the adjusted losses under the reinsurance, and seeks to cancel that indebtedness by a technical set-off, which is denied. This is a mere matter of form, and will be disregarded. The substance of the transactions will alone be looked at, and the account recast into a different form, according to the legal rights of the parties, and so as to accomplish justice between them. This will be done by striking from the two sides of the account, as rendered, the quantities and values which the law regards as mutual compensations, leaving the Globe Insurance Company liable as debtor to pay in full all that remains due to the bankrupt's estate, and entitled as creditor to its dividends, on an equal footing with other general creditors. The conclusion of the register was that the Globe Insurance Company was not entitled to relieve itself from its liability as reinsurer to any extent by means of its claims against the bankrupt, and that, consequently, it was a debtor thereto for the full amount of $47,-353.77, but entitled to prove against the estate as a general creditor for the sum of $50,134.48.

The district court, sustaining the exceptions to this report, decreed that the Globe Insurance Company was entitled to cancel its entire liability as reinsurer by crediting the amount thereof against the whole amount of its claims as holder of assigned policies and losses, and to participate in the distribution of the bankrupt's estate, as a creditor, for the balance, amounting to $2,780.71. The conclusion now reached, as a result of the views expressed in this opinion, differs from both. It is that the Globe Insurance Company is entitled to cancel $30,361.48 of its liability as reinsurer, that amount being the whole amount of the assigned claims for losses reinsured by it, leav-

ing it debtor on that account still in the sum of $16,992.29, with interest, and entitled to rate as a creditor in the distribution of the bankrupt's estate for the sum of $19,773. The decree of the district court is therefore reversed, and the cause remanded, with directions to enter a decree in accordance with this opinion.